UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 24-cv-23417-ALTMAN

**EN MAY MARITIME, LLC**,

    *Plaintiff*,

v.

**PROIOS S.A.**,

    *Defendant*.

_____/

## ORDER

En May Maritime, LLC ("En May"), our Plaintiff, has filed a Motion for Issuance of Process of Maritime Attachment (the "Motion") [ECF No. 4]. Pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure, "an attachment should issue if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d. 434, 445 (2d Cir. 2006).

Here, En May seeks to attach $1,844,426.98 from Proios S.A., as a "security for En May's maritime breach of contract claim against Proios." Verified Compl. [ECF No. 1] ¶¶ 44–45. According to the Motion, those funds are "being held . . . on [Proios's] behalf, or [are] being transferred for its benefit, within this jurisdiction in the hands of garnishee, Interaudi Bank." Mot. ¶ 6 (first citing Verified Compl.; then citing Declaration of Adam B. Cooke ("Cooke Decl.") [ECF No. 1-2] ¶¶ 9–15).

One problem: En May's evidence demonstrates that Proios's property is *not* found within this District. Its counsel tells us as much:

> While the payment details in the [parties' disputed] Contract reference [Interaudi Bank's] Miami address, the ABA routing number given in the payment details, 026006237, matches the ABA routing number associated with Interaudi's *New York* location . . . . This indicates that funds paid to Proios utilizing the payment details in the Contract are destined for an account in New York, as opposed to in Florida.

Cooke Declaration ¶ 14 (emphasis added). Accordingly, because "En May verily believes that funds belonging to Proios are being paid to Proios via its paying agent, Axion, into an account located in New York," it has filed a "simultaneous" Rule B application in the Southern District of New York. *Id.* ¶ 15.

While we appreciate En May offering "full transparency to the Court," *id.* ¶ 15, En May has nonetheless failed to show that it's entitled to the requested writ, *see* FED. R. CIV. P. SUPP. B(1)(b) (noting that a district court may "authoriz[e] process of attachment and garnishment" if "the conditions of this Rule B appear to exist"); *see also NEA Armonia Shipping Co. v. Antco Shipping Co.*, 409 F. Supp. 967, 969 (M.D. Fla. 1976) (Scott, J.) ("Since no goods, chattels, credits or effects of ANTCO are in the hands of garnishee, JEA, the writ of attachment and garnishment as to ANTCO is of no legal effect."), *abrogated on other grounds*, *Labanca v. Ostermuncher*, 664 F.2d 65 (5th Cir. Unit B Dec. 1981)). Because En May presents us with "little more than a speculative hope that Defendant's assets . . . will fortuitously appear at a garnishee bank in this District[,]" *DBCN v. Enersur S.A.*, 2009 WL 3254447, at *3 (S.D.N.Y. Oct. 9, 2009), we decline to proceed with attachment here.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Issuance of Process of Maritime Attachment [ECF No. 4] is **DENIED**.

2. The Clerk shall **CLOSE** this case. All pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on September 6, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record