UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

Miami Division

| | |
|---|---|
| EN MAY MARITIME LLC, <br><br> Plaintiff, <br><br> - against - <br><br> PROIOS S.A., <br><br> Defendant. | Case No. 24-cv-23417-RKA |

**MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE**

Plaintiff, En May Maritime LLC ("En May"), by and through undersigned counsel, hereby moves this Honorable Court for reconsideration of its Order Dismissing this case, and as grounds thereof would state as follows:

1. Plaintiff En May initiated the instant Rule B Action seeking security in the form of a Rule B maritime attachment and garnishment arising from a contractual dispute over the repair of a ship. Doc. No. 1.

2. The Court, *sua sponte*, entered an order dismissing the action based on the assumption that Defendant Proios's property is conclusively *not* found within the District. See Doc. No. 5.

3. In reaching that conclusion, the Court appears to have focused solely on language in Paragraph 14 of the Cooke Declaration accompanying the application, indicating a belief that "the funds are destined for an account in New York, as opposed to in Florida." Doc. No. 5 at Page 2 of 3.

4. That is only part of the story. As explained in the following paragraphs excerpted from the Cooke Declaration, En May is unsure of where the funds are presently located – Florida or New York. The Contract explicitly references a bank account with a *Miami address*, but includes a routing number which appears to be associated with an account in New York. In light of this, En May has a good faith belief that funds belonging to Proios are, or during the pendency of this matter will be, within this District:

> 9. **Upon information and belief, the Defendant has tangible or intangible property** which belong to it or are maintained for its benefit **within this District** by third party garnishees and which are subject to attachment pursuant to Rule B.
>
> 10. Specifically, under the parties' Contract, a copy of which is attached to the Verified Complaint as Exhibit 2, payment of funds due Proios under the Contract was to be made by En May to "Contractors' Bank Account," which was identified as an account at Interaudi Bank. (*See* Ex. 2 to Verified Complaint, at p. 2, Box 15). The account appears to be held in the name of non-party, Axion Management Ship LLC ("Axion"), which is identified in the Contract as an agent of Proios. (*See* Ex. 2 to Verified Complaint, at p. 1, Box 3).
>
> 11. Based on information provided to me by En May, funds have been paid to Proios under the Contract in line with the banking details specified in the Contract. As such, Proios is utilizing Axion as its paying agent in relation to the Contract and may be doing so with respect to other contracts as well.
>
> 12. **Interaudi Bank has two locations**. A headquarters in New York City located at 19 East 54th Street, New York, NY 10022, and a branch in Miami located at **Two Brickell City Centre, 78 SW 7th Street, Suite 1100, Miami, Florida 33130.** *See* Printout of Interaudi's locations from its "Contact Us" page, a copy of which is annexed hereto as **Exhibit B**.
>
> 13. As indicated in Exhibit B, the ABA routing number associated with Interaudi's New York location is 026006237, while the ABA routing number associated with Interaudi's Miami location is 066015440. We have confirmed, by searching these routing numbers via the ABA routing number lookup tool available online at https://routingnumber.aba.com/default1.aspx that the routing number 026006237 (as utilized in the Contract) is indeed associated

2

616599.1

> with Interaudi's New York address and routing number 066015440 is associated with Interaudi's Miami address. Attached hereto as **Exhibit C** are printouts of the ABA routine search results for both routing numbers, indicating the respective bank branches with which those numbers are associated.
>
> 14. While **the payment details in the Contract reference the Miami address**, the ABA routing number given in the payment details, 026006237, matches the ABA routing number associated with Interaudi's New York location, as noted above. This indicates that funds paid to Proios utilizing the payment details in the Contract are destined for an account in New York, as opposed to in Florida.
>
> **While En May verily believes that funds belonging to Proios are being paid to Proios via its paying agent, Axion, into an account located in New York, given the information in the Contract pointing to both New York and Miami as the location of the account** (and thus the location of funds sought to be attached), and in full transparency to the Court, **Rule B applications are simultaneously being filed in both the Southern District of New York and the Southern District of Florida in an effort to attach funds belonging to Proios in the subject account as security for En May's claim, whether the account be located in Miami or New York.**

*Emphasis added*.

5. Contrary to the Court's statement in the Order, therefore, Plaintiff has not stated conclusively that the funds are not in the District. Rather, it has stated that it is not sure where the funds are, and the funds very well **may** be in Florida (hence two different Rule B actions).

6. Based on the foregoing, and the legal arguments that follow, Plaintiff would respectfully request this Honorable Court reconsider its Order dismissing this case, and issue the requested process of maritime attachment and garnishment.

## MEMORANDUM OF LAW

In *World Wide Supply Ou v. Quail Cruises Ship Mgmt.*, 802 F.3d 1255, 1259-60 (11th Cir. 2015), the Eleventh Circuit (quoting the Fifth) wrote (emphasis ours):

> Rule B attachments are known as "quasi-in-rem" proceedings, because they are not actions directly against the res as a fictitious

3

616599.1

> person, as is the case in *in rem* actions, but are actions against a party who is not personally present in the district but whose property is present. The Fifth Circuit has explained Rule B attachments, as follows:
>
> An *in personam* admiralty or maritime claim is instituted by a complaint which may contain a prayer for process to attach the defendant's property found within the district. Whenever property is attached any person claiming an interest therein is entitled to a prompt hearing at which the plaintiff is required to furnish evidence supporting the attachment or other appropriate relief. It is sometimes inaccurately stated that the writ of attachment gives the district court quasi-in-rem jurisdiction over the defendant. ***A more precise understanding is that a good-faith allegation in the complaint that the res is present within the geographical jurisdiction of the court is the jurisdictional fact which gives the court in personam jurisdiction over the defendant purported to own the res***.

*Id.* (*citing Great Prize, S.A. v. Mariner Shipping Party, Ltd*., 967 F.2d 157, 159 (5th Cir. 1992) (footnotes omitted)). "As a general matter, ***the pleading requirements under Rule B are said to be easily met***." DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co Tankschiff KG v. Essar Capital Ams. Inc., 882 F.3d 44, 49-50 (2d Cir. 2018) (emphasis added) (*citing Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd*., 460 F.3d 434, 443 (2d Cir. 2006), *overruled on other grounds by Shipping Corp. Of India Ltd. v. Jaldhi Overseas Pte Ltd.,* 585 F.3d 58 (2d Cir. 2009) ("Maritime parties are peripatetic, and their assets are often transitory . . . [resulting in] a relatively broad maritime attachment rule, under which the attachment is quite easily obtained.")); *ContiChem LPG v. Parsons Shipping Co*., 229 F.3d 426, 433-34 (2d Cir. 2000) (finding that to meet the Rule B requirements "little else [other than the affidavit and complaint] is required and there need only be a hearing after the attachment is served").

Indeed, the case law is clear that to obtain a Rule B attachment, the plaintiff need only show "enough facts to render it ***plausible*** that the defendant's funds will be present in the district at some future time" *Marco Polo Shipping Co. Pte. v. Supakit Prods. Co.*, 2009 U.S. Dist. LEXIS

616599.1

19057, at *4 (S.D.N.Y. Mar. 4, 2009) (emphasis added). In applying this standard, courts have held that "[m]ore is required to demonstrate a 'plausible' entitlement to a maritime attachment than . . . conclusory allegations." *Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, at *5 (S.D.N.Y. Mar. 17, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must allege facts showing "that it is plausible to believe that Defendant's property will be 'in the hands of' garnishees in the [district] at the time the requested writ of attachment is served or during the time that service is effected." *Id*. To meet that standard some identification of the subject "property" is needed. *Id.*

Here, Plaintiff respectfully submits that it has set forth enough facts to show that it is ***plausible*** that Defendant's funds are present in the district in that it identified the agent whose bank account is with the Interaudi Bank (in New York or Florida), into which funds being paid to Proios are being deposited. Plaintiff is not merely guessing that funds belonging to Proios are being paid into that account – Proios has contractually directed Plaintiff to deposit funds payable to Proios into that very account, which Plaintiff has done, and it is certainly plausible that funds which have been paid to Proios under the parties' ship repair agreement remain in that account, whether the account is in New York or Florida. Moreover, Plaintiff is not merely guessing that the account is in New York or Florida. There are only two locations of Interaudi Bank, as explained in the Cooke Declaration, and the very contract the breach of which underlies this Action gives conflicting indications as to the location of the account. Accordingly, Plaintiff has made good faith, plausible allegations that funds belonging to Defendant Proios are (or will be during the pendency of this matter) present in an account in Florida.

The situation presented here stands in stark contrast to the facts presented in *DBCN v. Enersur S.A.*, 2009 U.S. Dist. LEXIS 94410, at *4 (S.D.N.Y. Oct. 8, 2009), cited by the Court, in

which a Rule B attachment was denied because the plaintiff failed to plausibly allege the presence of a *res* to be attached in the district. There, the plaintiff's ***only*** allegation as to the presence of the *res* in the district was its speculation that "U.S. dollar payments made by Defendant herein are expected to be made by electronic fund transfer passing through corresponding banks within this District." *Id*. at *5. The plaintiff's conclusory "expectation" that an EFT denominated in dollars would be cleared through (as opposed to deposited into an account with) one of thousands of banks in New York was alone insufficient to support a Rule B attachment. Here, En May does not allege that funds payable to Proios are merely EFTs transiently passing through one of the thousands of banks located within this district. Quite the opposite, En May specifically alleges that funds payable to Proios are being deposited into an account which is either located in this District or in New York. En May's good faith, plausible allegation that funds are or may be present in this District, based on the information contained within its contract with Proios, is, it is respectfully submitted, sufficient to meet the plausibility standard required for a Rule B attachment and that the Court identified in its Order dismissing this case.

Under Rule B(1)(b), when seeking an attachment, "[t]he plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court ***must*** review the complaint and affidavit and, if the conditions of this Rule B ***appear*** to exist, enter an order so stating and authorizing process of attachment and garnishment." Fed. R. Civ. P. Supp. Rule B (emphasis added); *cf. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 438 (2d Cir. 2006) (noting that "if the plaintiff's filings comply with these conditions, the court ***must*** enter an order authorizing the attachment").

6

616599.1

WHEREFORE, Plaintiff respectfully requests the Court vacate the order of dismissal, issue the process of maritime attachment and garnishment, and grant such other relief as the Court deems appropriate.

Dated: September 10, 2024

                                              Respectfully submitted,

/s Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201