UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

Miami Division

| | |
|---|---|
| EN MAY MARITIME LLC, <br><br>            Plaintiff, <br><br>     - against - <br><br> PROIOS S.A., <br><br>            Defendant. | Case No. 24-cv-23417-RKA |

## MOTION TO AMEND SUMMONS AND WRIT OF MARITIME ATTACHMENT AND GARNISHMENT AND TO REOPEN CASE

Plaintiff, En May Maritime LLC ("En May"), by and through undersigned counsel, hereby moves this Honorable Court for an order Amending the Summons and Writ of Maritime Attachment and Garnishment and to Reopen the Case as follows:

1.     Plaintiff En May initiated the instant Rule B Action seeking security in the form of a Rule B maritime attachment and garnishment arising from a contractual dispute over the repair of a ship. Doc. No. 1.

2.     After a hearing on September 13, 2024, the Court issued a process of maritime attachment and garnishment for funds up to and including $1,844,426.98. However, the Court ordered the case to remain closed. Doc. No. 11.

3.     The Plaintiff has served the process of maritime attachment and garnishment and is awaiting a response from garnishee Interaudi Bank. Doc. No. 13.

4.     Similarly, the Plaintiff has served process in the simultaneous action pending in the Southern District of New York in front of the Honorable Judge P. Kevin Castel.

616599.1

5. Because the Rule B attachment only extends to property in the hands of the garnishee, it is customary for Rule B claimants to re-serve the writ daily until such time that there are funds belonging to the Rule B defendant that meet the amount specified in the Complaint. In this regard, the Court in New York has authorized continuing re-service of the process of attachment and garnishment for a period of 120 days, and permitting the Plaintiff to re-serve electronically. See New York Order and Addendum attached hereto as **EXHIBIT "A."**

6. Based on the foregoing, and for reasons explained in detail below, Plaintiff respectfully requests that it be permitted to reserve the writ via verifiable electronic means for a period of 120 days in furtherance of attaching any funds as security for its maritime claims in arbitration.

7. Additionally, Rule E permits a party to claim entitlement to any funds via expedited hearing. For this reason, Plaintiff respectfully requests the Court re-open the case at least until the period of 120 days has expired to permit any interested parties to seek vacatur of the attachment to the extent funds are reached.

## **MEMORANDUM OF LAW**

A well-established prohibition exists against maritime attachments of after-acquired property, meaning maritime garnishments cannot extend to property not yet in the hands of the garnishee. *See, Contichem LPG v. Parsons Shipping Co., Ltd*, 229 F.3d 426, 433-34 (2nd Cir. 2000); *Reibor Int'l Limited v. Cargo Carriers (Kacz-Co.)*, 759 F.2d 262, 265-66 (2nd Cir. 1985)(under Rule B, service of a garnishment order is only effective against property then in the hands of the garnishee).

"Principally, the nature of the Rule B(1) writ is such that it must either attach property on the date of service or be void." *Union Planters Bank v. World Energy Systems Associates*, 816 F.2d 1092, 1098 (6th Cir. 1987)(relying on *Reibor Int'l Ltd*).

> [A]Rule B(1) writ ... can be likened to a fisherman's net cast into the flow of commerce to catch the defendant's assets. The plaintiff is the fisherman, it is the court's net, but the garnishee ... is forced to tend the net and report its catch, if any, within 20 days.... Like the Court in Reibor, we think the federal writ of maritime attachment is the equivalent of one cast of the net; if the fish are not running on the date of service, the net is returned empty to the court.

*Id*. (emphasis added); *See also*, Thomas J. Schoenbaum, Admiralty and Maritime Law, §1-2, p. 507 (3d ed. 2001)("Attachment reaches only assets in the hands of the garnishee on the date of service; it is not effective against after-acquired property")(emphasis added).

Because the Rule B attachment only extends to property in the hands of the garnishee, it is customary for Rule B claimants to re-serve the writ daily (with the writ being deemed effective for the complete day on which it is served) until such time that there are funds belonging to the Rule B defendant that meet the amount specified in the Complaint. In this regard, the Court in New York has authorized continuing re-service of the process of attachment and garnishment for a period of 120 days (which can be extended upon request for good cause), and permitting the Plaintiff to re-serve the writ via verifiable electronic means. Plaintiff respectfully requests this Court enter an order granting it permission to do the same, with the caveat that if any assets are attached, the Plaintiff shall file a statement with the Court reporting such attachment within five (5) days of receiving notice, and if no assets are attached within 120 days, then the Order of Maritime Attachment shall expire unless good cause is shown prior to the expiration of the 120 day period.

616599.1

Plaintiff also requests this Honorable Court re-open the instant case until at least the expiration of 120 days so that any claimant may make the appropriate Rule E request for an expedited hearing, and/or so that the garnishee can Answer.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant its Motion, and for such other relief as the Court deems appropriate.

Dated: September 23, 2024

                                        Respectfully submitted,

/s Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201