# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EN MAY MARITIME LLC,<br><br>                                Plaintiff,<br><br>  - against -<br><br>PROIOS S.A.,<br><br>                              Defendant. | Civil Case No. 24-cv-6738<br><br>**PROPOSED ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING SPECIAL PROCESS SERVER** |

Having reviewed and considered Plaintiff En May Maritime LLC's *Ex-Parte* Motion for Issuance of Process of Maritime Attachment and Garnishment and Appointing a Special Process Server and the Verified Complaint, together with the Attorney Declaration that the Defendant, Proios S.A., cannot be found in the District, and finding that the conditions of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") appear to exist and there is good cause to appoint a special process server;

**NOW**, upon motion of Freehill Hogan & Mahar LLP, attorneys for Plaintiff, it is hereby:

**ORDERED** that the Clerk shall issue Process of Maritime Attachment and Garnishment pursuant to Rule B as prayed for in the Verified Complaint in the amount of up to $1,844,426.98 against all goods, chattel, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, accounts, or any other tangible or intangible property of any kind belonging to, claimed by, being held for or on behalf of Defendant Proios by any garnishee within this district, including, *inter alia*, Interaudi Bank; and

**ORDERED** that this Order will be equally applicable to any garnishees other than Interaudi Bank upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount up to and including $1,844,426.98, pursuant to Rule B; and

616393.1

**ORDERED** that the Clerk of the Court shall issue further, supplementary Process of Maritime Attachment and Garnishment, on request of the Plaintiff and without further order of this Court; and

**ORDERED** that any tangible or intangible property in the hands of the garnishee(s) and attached pursuant to this Order, may be released from seizure without the necessity of further orders of this Court, provided that the Marshal, or garnishee(s) receives written authorization to do so from the attorney who requested the attachment and garnishment, stating that he has conferred with all attorneys representing parties to the litigation, and they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this arrangement for the release of the property which was attached pursuant to this Order; and

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to this Order upon application of the Court, be entitled to a prompt hearing in which Plaintiff shall be required to show why the attachment or garnishment should not be vacated or other relief granted; and

**ORDERED** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment;

**ORDERED** that service of this Order and associated papers and said process of maritime attachment and garnishment may be made by facsimile transmission or other verifiable electronic means, including e-mail, to garnishee Interaudi Bank or by personal service to garnishee Interaudi Bank located at 19 East 54th Street, New York, NY 10022 or by alternative means agreed to by garnishee Interaudi Bank;

616393.1

**ORDERED** that pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure that the writs of attachment and garnishment may be served by any person, who is not less than 18 years old, and who is not a party to this action; and

**ORDERED** that any writ served on a garnishee in accordance with this Order will be deemed effective and continuous throughout any given day on which it is served.

Dated: New York, NY
 Sept 11, 2024.

*Subject to Addendum Order of Sept 11, 2024*

**SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

3

616393.1

## ADDENDUM TO ORDER FOR THE PROCESS OF MARITIME ATTACHMENT

IT IS FURTHER ORDERED that

1. This Addendum is an integral part of the Order of today's date for the process of maritime attachment pursuant to Rule B of the Supplemental Rules. If any provision of this Addendum conflicts with the body of the Order, the provision of this Addendum shall be controlling;

2. If any assets are attached, plaintiff shall file with the Court a statement reporting same within five (5) of receiving notice of the attachment. If no assets are attached within 120 days of this Order, then the Order for Maritime Attachment shall expire, unless good cause for an extension is shown prior to the expiration of the 120-day period;

3. Upon expiration or vacatur of the Order for the process of maritime attachment by reason of paragraphs 2 of the Addendum, this action will be dismissed without prejudice, without costs and without further notice to any party.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 11, 2024