UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

Miami Division

| | |
|---|---|
| EN MAY MARITIME LLC,<br><br>    Plaintiff,<br><br>- against -<br><br>PROIOS S.A.,<br><br>    Defendant. | Case No. 24-cv-23417-RKA |

**MEMORANDUM OF LAW IN SUPPORT OF AXION MANAGEMENT
SHIP LLC'S MOTION TO RELEASE FUNDS FROM
<u>ATTACHMENT AND VACATE ATTACHMENT ORDER</u>**

Axion Management Ship LLC ("Axion"), by way of this restricted appearance pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter "Supplemental Rules"), respectfully submits this memorandum of law in support of its Motion to Release Funds from Attachment and Vacate Attachment Order (the "Motion"). Axion moves this Court to release all funds that have been attached from Axion's bank account bearing Account No. 643973-401-01 at Interaudi Bank (the "Bank Account") and to vacate the attachment order [ECF 11] and Process of Maritime Attachment and Garnishment. Pursuant to Supplemental Rule E(4)(f) and the Court's order dated September 25, 2024 [ECF 15], upon application to the Court, Axion is entitled to a prompt hearing at which Plaintiff, En May Maritime LLC ("En May"), "shall be required to **SHOW CAUSE** why the attachment or garnishment should not be vacated or other relief granted." [ECF 15 at 3]. As explained below, there are no funds in the Bank Account that belong to Defendant, Proios, S.A. ("Proios"), and there are no funds in the Bank Account to which Proios has any interest.

1

## RELEVANT FACTS AND PROCEDURAL HISTORY

This Court issued Process of Maritime Attachment and Garnishment (the "PMAG") for attachment of property, "including all assets comprising, *inter alia*, cash, funds, escrow funds, credits, debts, accounts . . . or any other funds or property . . . belonging to, claimed by, being held for or on behalf of, or which is being transferred for the benefit of the above named Defendant, including but not limited to such property situated in the bank account(s) at Interaudi bearing account number 643973-401-01 by, on behalf of, or for the benefit of Defendant Proios . . . and within the possession of Interaudi Bank." [ECF 12].

As stated in the ship repair contract filed by En May (as Exhibit 2 to the Complaint) and acknowledged in the Declaration of Adam B. Cooke [ECM 1-2], the holder of the Interaudi Bank account bearing account number 643973-401-01 is Axion (the "Axion Bank Account"). On September 17, 2024, in response to the PMAG, Interaudi Bank froze all funds that were in Axion's Bank Account.

As detailed in the accompanying Declaration of Jorge Proios, Axion was established in 2013 and provides global marine services to ship owners and managers. (Proios Declaration ¶3). Axion supplies general marine stores, including food and supplies needed on board vessels, as well as spare parts. (*Id.*). Axion also represents shipyards located in the Asia-Pacific region, Europe, South America, and South Africa for new building, conversions, and drydocking repairs of vessels. (*Id.*). Axion also offers technical services, such as supervision and coordination of conversion and repairs of vessels, surveys and inspections, ultrasonic measurements approved by classification societies, preparation and evaluation of repair specifications and structural assessments. (*Id.*).

Axion opened and maintains the Axion Bank Account at Interaudi Bank. (*Id.* at 4). Although funds relating to the contract for repairs to the vessel *En May* were sent to the Axion

Bank Account in March 2024, those funds are no longer in the Axion Bank Account. (*Id.* at 6). Additionally: (i) there are no funds in the Axion Bank Account that belong to Proios or in which Proios has any interest or right; (ii) Axion does not intend or expect to receive into the Axion Bank Account funds from any person in the future for which Proios will have any interest or right; and (iii) the Axion Bank Account is used by Axion for many transactions which are entirely unrelated to Proios. (*Id.* at 6-7).

## ARGUMENT

Rule E(4)(f) of the Supplemental Rules provides, in relevant part:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Further, pursuant to the Court's Order dated September 25, 2024, any person claiming an interest in the property attached or garnished shall be entitled to a prompt hearing "at which the Plaintiff shall be required to SHOW CAUSE why the attachment or garnishment should not be vacated or other relief granted." [ECF 15 at 3]. Here, the funds in which Axion has an interest have been attached from the Axion Bank Account at Interaudi Bank. (Proios Decl. ¶5). Accordingly, Proios is entitled to a prompt hearing at which En May must show cause why the *ex parte* attachment should not be vacated. En May, as the Plaintiff, bears the burden on showing, by a preponderance of the evidence why the attachment should not be vacated. *DS Bulk Pte Ltd. v. Calder Seacarrier Corp.,* 2006 U.S. Dist. LEXIS 29342 at 3 (S.D.N.Y. June 13 2006).

A district court must vacate an attachment if a plaintiff fails to show that (i) it has a valid *prima facie* admiralty claim against the defendant, (ii) the defendant cannot be found within the district, (iii) the defendant's property may be found within the district, and (iv) there is no statutory

3

or maritime law bar to the attachment. *WAG SPV I, LLC v. Fortune Glob. Shipping & Logistics, Ltd.*, 612 F. Supp. 3d 321, 328-29 (S.D.N.Y. 2020) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F3d 434, 443 (2d Cir. 2006), abrogated on other grounds by *Shipping Corp. of India v. Jaldhi Overseas Ptr Ltd.*, 585 F.3s 58 (2d Cir. 2009)).

A district court also has discretionary power to equitably vacate prior attachment orders. *WAG SPV I*, 612 F. Supp. 3d at 334-35. "Even with an attachment secured in conformity with Rule B, equitable vacatur pursuant to Rule E may nonetheless be in order." *ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 585 F.3d 105, 113 (2d Cir. 2009). One basis for district courts equitably vacating prior attachment orders pursuant to Supplemental Rule E(4)(f) is that the attachment is against property which is not the property of defendant. *DS Bulk Pte Ltd. v. Calder Seacarrier Corp.*, 2006 U.S. Dist. LEXIS 29342 at 3 (S.D.N.Y. June 13 2006).

The sole basis set forth by En May for En May's belief that Proios has assets within the Axion Bank Account is that (a) the contract between En May and Proios directed En May to pay funds due to Proios to the Axion Bank Account and that Axion was identified as an agent of Proios, and (b) En May made a payment due to Proios to the Axion Bank Account. (Declaration of Adam B. Cooke [ECM 1-2] at 10 and 11). Both of the foregoing statements are accurate and confirmed by Axion in the Declaration of Jorge Proios. (Proios Decl. ¶6). However, at the time of issuance of the PMAG and still to this day there are not any funds in the Axion Bank Account which belong to or are being held for or on the benefit of Proios. (Proios Decl. ¶6). Additionally, Axion does not intend to expect to receive into the Bank Account any funds from any person in the future for which Proios will have any interest. (Proios Decl. ¶6). Axion has an interest in the funds in the Axion Bank Account and Axion uses the Axion Bank Account to conduct business entirely unrelated to Proios. (Proios Decl. ¶7). To the extent the PMAG and the Court's order authorizing

4

its issuance directed attachment of funds in the Axion Bank Account based on En May's belief that Proios had an interest in funds currently in that account, the PMAG and the Court's *ex parte* Order authorizing the issuance of Process of Attachment and Garnishment should be vacated. *See Egyptian Navigation Co. v. Baker Invs. Corp.*, 2008 WL 1748456 (explaining that if the funds attached are not the defendant's, then the Court must vacate the attachment); *Alaska Reefer Mgmt. LLC v. Network Shipping Ltd.,* 68 F. Supp. 3D 383, 386 (S.D.N.Y. 2014) (explaining that attachment is proper so long as the defendant possesses a clear attachable interest in the property).

## **CONCLUSION**

Axion respectfully requests this Court issue an order releasing all funds that have been attached from the Axion Bank Account at Interaudi Bank, vacating the PMAG directed to Interaudi Bank, and vacating the Court's *ex parte* Order authorizing the issuance of Process of Attachment and Garnishment. Pursuant to Supplemental Rule E(4)(f), Axion requests a prompt hearing at which En May shall be required to show cause as to why the attachment should not be vacated.

Dated: November 4, 2024

Respectfully submitted,

/s/ Kenneth R. Florio
Kenneth R. Florio, Esq.
Florida Bar No. 86929
Goodkind & Florio, P.A.
12861 SW 68th Avenue
Pinecrest, Florida 33156
Tel: 786-713-5017
Email: kenneth@goodkindflorio.com
*Attorneys for Axion Management Ship LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Kenneth R. Florio
Kenneth R. Florio, Esq.

**By CM/ECF:**

**Adam B. Cooke**
**Allan Richard Kelley**
Fowler White Burnett, P.A.
1395 Brickell Avenue
Brickell Arch, Fourteenth Floor
Miami, FL 33131
305-789-9200
Fax: 305-789-9201
Email: acooke@fowler-white.com
Email: akelley@fowler-white.com

**Robert Dewitt McIntosh**
McIntosh Schwartz, P.L.
888 SE 3rd Avenue
Suite 500
Fort Lauderdale, FL 33335-9002
954-660-9888
Fax: 954-760-9531
Email: rmcintosh@fowler-white.com

**Yaakov U. Adler**
Freehill Hogan & Mahar LLP
80 Pine Street, 25th Floor
New York, NY 10005
(212) 425-1900
Email: adler@freehill.com
*PRO HAC VICE*