UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

Miami Division

| | |
|---|---|
| EN MAY MARITIME LLC,<br><br>      Plaintiff,<br><br> - against -<br><br>PROIOS S.A.,<br><br>      Defendant. | Case No. 24-cv-23417-RKA |

**MEMORANDUM OF LAW IN OPPOSITION TO
AXION MANAGEMENT SHIP LLC'S MOTION TO RELEASE FUNDS
FROM ATTACHMENT AND VACATE ATTACHMENT ORDER**

Plaintiff, En May Maritime LLC ("En May"), in accordance with the Court's Order (Dkt. No. 19), respectfully submits this Memorandum of Law opposing the Motion of Axion Management Ship LLC ("Axion") to release funds from attachment and to vacate the Order of Attachment issued by this Court. (Dkt. No. 11).

In its Motion papers, Axion takes the position that none of the funds restrained pursuant to the attachment belong to Defendant Proios S.A. ("Proios"), and no such funds are expected to be in the Axion account, supposedly justifying the release of the funds presently held and vacatur of the attachment. (Dkt. 18-1, at p. 1 ("there are no funds in the Bank Account that belong to [Proios], and there are no funds in the Bank Account in which Proios has any interest.")).  However, evidence produced by non-party/Garnishee Interaudi Bank in its Rule B interrogatory responses indicates that a substantial portion of the funds in the Axion account – funds paid into the account **by En May in payment of Axion invoice No. 00003-00002688** for work performed under the En May-Proios contract – do indeed belong to Proios.  With respect to the balance of the funds in the

618925.1

account, discovery is necessary to determine the ownership of those funds, as it is clear and undisputed that Proios utilizes the Axion account for its own purposes and the Rule B interrogatory responses do not clarify whether those funds belong to or are being held for the benefit of Proios.

For these reasons, as discussed more fully herein, Axion's motion to vacate the attachment order and release the attached funds should be denied, and discovery should go forward.

## RELEVANT FACTS

The facts necessary to deny Axion's Motion are straightforward and not the subject of any dispute. En May filed this Rule B action seeking security in the amount of $1,844,426.98 (including interest, attorneys' fees and costs, and arbitral fees) for its claim in arbitration against Proios relating to Proios's breach of a ship repair contract. (Dkt. 1, at p. 8). En May's Rule B application alleged that Defendant Proios cannot be "found" within the Southern District of Florida for Rule B purposes, but that its property could be found in the District. (Dkt. 1). The basis of En May's belief that Proios's funds could be found in this District was grounded in the fact that in its contract with Proios, Proios specifically directed En May to pay funds due Proios under the contract into a bank account maintained in Axion's (its agent's) name, which was located either in this District or in the Southern District of New York. (Dkt. 1).

After obtaining orders authorizing the issuance of writs of attachment in both this District and in the Southern District of New York, En May served those writs on Interaudi Bank in both New York and Miami. Thereafter, Interaudi informed En May that funds were restrained pursuant to the attachment, and En May provided notice to this Court and the Court in New York of the attachment. Axion subsequently sought vacatur of the attachment in New York on the basis that the Axion bank account into which En May paid funds under the contract was located in Miami, and not New York. Axion asserted no other basis for vacating the attachment in New York, but

notably, in Axion's motion papers there, it admitted that "[t]he funds that were attached from Axión's bank account *include* funds that do not belong to Proios S.A...." (1:24-cv-06738-PKC, Dkt. No. 14 ¶ 8, Dkt. No. 16, at p. 4 (emphasis added)).  In other words, *some* of the funds within the account *do* belong to Proios.[1]

Axion now apparently wants to retreat from that admission. In its current motion seeking to vacate the attachment in this District, Axion claims – without any evidence other than the mere say-so of Jorge Proios, "the member" of Axion and, as his name indicates, the principal of Defendant Proios – that while funds were paid by En May into the Axion account in March 2024 pursuant to the contract between En May and Proios – an admission that Proios utilizes Axion's bank account for its own purposes – "those funds are no longer in the Axion Bank account," "there are no funds in the Axion Bank Account that belong to Proios or in which Proios has any interest or right" and "Axion does not intend or expect to receive into the Axion Bank Account funds from any person in the future for which Proios will have any interest or right...." (Axion Memorandum of Law, Dkt. No. 18-1, at pp. 2-3).

The problem with this argument is that the evidence produced by Garnishee Interaudi Bank belies Axion/Mr. Proios's claim.  On October 23, 2024, Interaudi Bank provided Rule B Interrogatory responses which stated that $1,291,272.24 was present in the account at that time and was being restrained pursuant to the attachment. (Declaration of Yaakov U. Adler in Opposition to Axion's Motion to Vacate Attachment and Release Funds ("Adler Decl."), Ex. A). In its Rule B Interrogatories, En May asked the bank:

> For each account identified in response to Interrogatory 1, above, provide a detailed transaction history of all deposits, withdrawals, wire transfers, and other transactions

---

[1] Upon receiving answers to its Rule B interrogatories and after a vacatur application filed in New York by Axion (mentioned above), En May clarified with the Bank that the account was actually located in Miami (as opposed to New York), and thus voluntarily withdrew the Rule B attachment application in New York without prejudice.

618925.1

> for each account in the sixty (60) days preceding the date of service of these Interrogatories and any memoranda or notations associated with these transactions.

(Ex. A, at p. 3). The bank did so in Appendix A to its responses. As the Court can see, Appendix A listed the transactions in Axion's Miami bank account between August 6, 2024, and September 20, 2024. As particularly relevant here, the Appendix shows that on August 16, 2024, $798,311.47 came into the account with the description "08160693 ORG=FOREMOST MARITIME COMPA" with the accompanying wire memorandum "00003-00002688." (Ex. A, at p. 6, Appendix A). The wire memorandum reference to "00003-00002688" refers to Axion Invoice No. 00003-00002688, issued to "En May Maritime LLC C/O Foremost Group" with the description "35% FOR 90 DAYS PAYMENT AS PER REPAIRCON FOR REPAIRS AFLAOT [sic] ON BOARD OF EN MAY BETWEEN AXION MANAGEMENT SHIP LLC AND EN MAY MARITIME LLC C/O FOREMOST GROUP." (*Id.*). In other words, those funds were paid ***by En May to Proios under the repaircon contract which is the subject of the dispute between En May and Proios in arbitration***, and therefore they are funds ***belonging to Proios***, that were in the account at the time of service, and are properly subject to attachment.

In this respect, the transaction data in Appendix A confirms that those Proios funds (*i.e.*, $798,311.47) were never transferred out of the account at any point in time between the date when they came into the account and the date when the account was frozen pursuant to the attachment. Accordingly, it is clear that there are at least some funds belonging to Proios within the Axion account which are being restrained pursuant to the Rule B attachment, and it is likely that other funds in the account belong to or are being held for the benefit of Proios as well, given Proios's admitted use of the Axion bank account for its own purposes.

With respect to the balance of funds in the account as of the Bank's interrogatory response date (approximately $493,000), En May cannot tell, based on the interrogatory responses alone,

4

whether those funds belong to or are being held for the benefit of Proios. Discovery is thus needed to ascertain the ownership of those funds, given that Proios admittedly uses the Axion account for its own purposes. The mere fact that the funds are in an Axion account obviously does not establish that the funds belong to Axion (as discussed above), and Axion/Mr. Proios's *ipse dixit* on the ownership of the funds in the account cannot justify releasing those funds where, as here, Axion/Mr. Proios have already advanced the position (without any evidence) that none of the funds in the account belong to Axion despite there being a nearly $800,000 payment directed to Proios from En May in the Axion account which is presently being restrained pursuant to the attachment. Axion's and Mr. Proios's statements about whether property belonging to Proios can be found within the account must therefore be viewed with a healthy measure of skepticism, and discovery is warranted to ascertain the ownership of the remaining funds currently restrained within the Axion account.

## **LEGAL ARGUMENT**

The purpose of a Rule E(4)(f) hearing is not to definitively resolve the dispute between the parties, but to make a preliminary determination of whether there were reasonable grounds for the attachment. *d'Amico Dry d.c.a. v. Nikka Fin., Inc.*, 2018 U.S. Dist. LEXIS 112728, at *12 (S.D. Ala. July 5, 2018) ("The purpose of the hearing is not to decide the ultimate issue, 'but only to make a preliminary determination whether there were reasonable grounds' for issuing the attachment."). The plaintiff's burden in establishing the propriety of the attachment is a probable cause burden. *Id*.

Here, the parties do not have a dispute as to the requirements for sustaining a Rule B attachment: (1) that the plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within

the district; and (4) there is no statutory or maritime law bar to the attachment. *Thorco Projects A/S v. Nutrion Feeds N. Am., Inc.*, 2023 U.S. Dist. LEXIS 183535, at *3 (S.D. Fla. Oct. 11, 2023) (citing, among other cases, *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)). Rather, the dispute here centers on a factual issue concerning the third element of the Rule B test – whether the property which has been restrained pursuant to the attachment belongs to Defendant Proios.

Importantly, the definition of "property" under Rule B is broad, and "does not require actual ownership or title." *Alaska Reefer Mgmt. LLC v. Network Shipping Ltd.*, 68 F. Supp. 3d 383, 386-87 (S.D.N.Y. 2014). Under Rule B, "attachment is proper so long as the defendant possesses a clear attachable interest in the property," such as "where assets are being held 'for the benefit of' the Defendant or 'in its name.'" *Id.* at 387.

Here, Axion/Mr. Proios do not dispute that En May was directed to pay funds due Proios into the Axion account. (Dkt. No. 18-1, at p. 4 (describing as "accurate and confirmed by Axion" the statements En May made in its Rule B application that "the contract between En May and Proios directed En May to pay funds due to Proios to the Axion Bank Account," "that Axion was identified as an agent of Proios," and that "En May made a payment due to Proios to the Axion Bank Account")). How could they? The En May-Proios contract contains those instructions in black and white, and it is admitted that En May made payments to that account. Axion merely disputes whether any funds presently within the account belong to Proios. In support of that argument, they admit that funds transferred into the account in the past (in March 2024) were funds belonging to Proios, but they say that those funds have been transferred out of the account, and there are presently – and are not expected to be – any funds in the account which belong to Proios.

(Dkt. No. 18-1, at p. 4).  As outlined above, however, the evidence produced by Garnishee Interaudi Bank refutes that claim – ***at least*** $798,311.47 of the restrained funds in the Axion account belong to Defendant Proios, because they were transferred into the account specifically in payment of an invoice issued under the very contract at issue in the arbitration underlying this Rule B case.  Accordingly, at the very least, with respect to those funds which were paid into the Axion account by En May under the En May-Proios contract, there is no basis for vacatur/release.

With respect to the balance of the funds restrained, there is sufficient probable cause to believe that those funds belong to or are being held for the benefit of Proios. Given the inaccuracies in the information provided by Axion/Mr. Proios in their declaration seeking release of the funds, which directly contradicts the sworn interrogatory responses provided by Garnishee Interaudi Bank (which, it should be noted, is a non-party with no interest in the funds sought to be released and no incentive to make inaccurate statements), discovery is warranted to obtain further information as to the true owner of those funds. *See Stralia Mar. S.A. v. Praxis Energy Agents DMCC*, 2018 U.S. Dist. LEXIS 148925, at *5 (S.D. Tex. Aug. 31, 2018) (further discovery under Rule B is warranted where evidence of untruthfulness exists with respect to responses to Rule B interrogatories); *Albus Denizcilik Ltd. Sti v. Progress Bulk Carriers Ltd.*, No. 15-CV-1256 (KAM)(SMJ), 2017 U.S. Dist. LEXIS 325, at *11 (E.D.N.Y. Jan. 3, 2017) (allowing further discovery because it would "likely yield clarifying information regarding the dispute as to whether Medbrokerage possesses property belonging to defendant."). Insofar as this motion raises a jurisdictional question (*i.e.*, if the funds were not properly attached, there is no jurisdiction over the Defendant Proios (jurisdiction being obtained via this *quasi in rem* action against Proios's property) further discovery is warranted to provide En May an opportunity to establish evidence relevant to the existence of jurisdiction. *ING Bank N.V. v. M/V Portland*, No. 3:15-cv-00805-JWD-

RLB, 2016 U.S. Dist. LEXIS 78495, at *27-28 (M.D. La. June 16, 2016) ("the vast majority of federal courts have reached the exact same conclusion: 'When . . . there is . . . a factual question regarding a district court's jurisdiction, the district court must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'"); *KPI Bridge Oil Sing. PTE Ltd. v. Berlian Laju Tanker TBK PT*, 2012 U.S. Dist. LEXIS 37751, at *11 (N.D. Cal. Mar. 20, 2012) (explaining, in the maritime attachment setting, that "in general, 'where further discovery on [the] issue might well demonstrate facts sufficient to constitute a basis for jurisdiction,' denial of jurisdictional discovery will be an abuse of discretion.").

## CONCLUSION

For the reasons outlined above, Axion's Motion to release funds being restrained subject to the attachment and to vacate the Court's order authorizing the attachment should be denied, and the case should proceed to discovery.

/s Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

                                                                                                  _____

                                                                                 Yaakov U. Adler
                                                                                 NY Bar No. 5297668
                                                                                 Email: adler@freehill.com

                                                                                FREEHILL HOGAN & MAHAR LLP
                                                                                80 Pine Street, 25th Floor
                                                                                New York, NY 10005-1759
                                                                                Telephone:   (212) 425-1900
                                                                                Facsimile:   (212) 425-1901

                                                                                *Counsel for En May*
                                                                                 *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 12, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                 s/ Adam B. Cooke
                                                                                 Adam B. Cooke

618925.1