```
                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF FLORIDA

                           MIAMI DIVISION

                    CASE NO. 24-23417-CIV-RKA


EN MAY MARITIME LLC,             .
                                 . Miami, Florida
            Plaintiff,           .
                                 . December 20, 2024
            v.                   . 1:14 p.m.
                                 .
PROIOS S.A.,                     .
                                 .
            Defendant,           .
                                 .
            v.                   .
                                 .
INTERAUDI BANK,                  .
                                 .
            Garnishee.           .
. . . . . . . . . . . . . . . . .

                         - - - - -

         Transcript of Status Conference Hearing had

           before the Honorable Roy K. Altman,

              United States District Judge.

                         - - - - -
```

Proceedings recorded by mechanical stenography, transcript produced by computer.

```
APPEARANCES:

For the Plaintiff:    Allan R. Kelley, Esq.
                      Fowler White Burnett, P.A.
                      1395 Brickell Avenue
                      Brickell Arch, Fourteenth Flor
                      Miami, Florida  33131
                              and
                      Yaakov U. Adler, Esq.
                      Freehill Hogan & Mahar LLP
                      80 Pine Street, 25th Floor
                      New York, NY 10005

For Garnishee         Kenneth R. Florio, Esq.
Axion Management      Goodkind & Florio, P.A.
Ship LLC:             12861 SW 68th Avenue
                      Pinecrest, Florida 33156

Court Reporter:       Francine C. Salopek, RMR, CRR
                      Official Court Reporter
                      3010 NE 39th Street
                      Fort Lauderdale, Florida 33308
                      (305)301-3276

                      - - - - -
```

```
 1                FRIDAY, DECEMBER 20, 2024, 1:14 P.M.
 2              (The Judge entered the courtroom)
 3   *****
 4          THE COURT:  All right.  Seventh case is En May
 5   Maritime LLC vs. Proios S.A., 24-CV-23417.
 6          Who's here for the plaintiff?
 7          MR. KELLEY:  Good afternoon, Your Honor.  Allan Kelly
 8   of Fowler White Burnett on behalf of plaintiffs.
 9          THE COURT:  Good afternoon.
10          And who's here for the defense?
11          MR. FLORIO:  Kenneth Florio on behalf of the Defendant
12   Axion Management Ship LLC.
13          THE COURT:  Good afternoon.
14          And who's here for -- well, who are you here for,
15   Mr. Adler?
16          MR. ADLER:  I was just going to jump in, Judge.  I'm
17   also here upon behalf of the plaintiff, Yaakov Adler, the firm
18   of Frehill Hogan & Mahar in New York.
19          Your Honor graciously permitted me to attend via Zoom.
20          THE COURT:  So are you in New York right now?
21          MR. ADLER:  Well, I'm in New Jersey right now, my
22   home, but I --
23          THE COURT:  And you're one of the few people up there
24   who decided not to move to Miami yet.
25          MR. ADLER:  Exactly.  And if I can point the camera
```

```
 1   out the window, there's good reason to move to Miami, it's
 2   pouring snow outside.
 3           THE COURT:  Well, another good reason is your name is
 4   Yaakov.
 5           MR. ADLER:  I know.
 6           THE COURT:  So, we love you people down there.
 7           MR. ADLER:  There is few of us down there.
 8           THE COURT:  Yeah.
 9           Okay.  You all may be seated.
10           Our plaintiff, En May Maritime alleges "an admiralty
11   and maritime claim involving claims for the breach of a
12   maritime contract for the repair of a ship."  Complaint as ECF
13   Number 1, paragraph 1.  En May seeks to attach $1,844,426.98
14   from the Defendant Proios as a security for En May's maritime
15   breach-of-contract claim against Proios.  That's the Complaint
16   at paragraphs 44 to 45.  En May says that those funds are
17   "being held on Proios's behalf, or being transferred for its
18   benefit, within this jurisdiction in the hands of garnishee,
19   Interaudi Bank.  That's the motion for Issuance of Process of
20   Maritime Attachment at ECF No. 4, paragraph 6.  In relevant
21   part, "an attachment should issue if the plaintiff shows that:
22   One, it has a valid prima facie admiralty claim against the
23   defendant; two, the defendant cannot be found within the
24   district; three, the defendant's property may be found within
25   the district; and, four, there is no statutory or maritime law
```

```
 1   bar to the attachment."  That's Aqua Stoli Shipping
 2   Limited vs. Gardner Smith -- what is "P-T-Y"?
 3              LAW CLERK:  Party.
 4              THE COURT:  -- Party Limited, 460 F.3d 434, at 445, a
 5   Second Circuit case from 2006.  Finding the requirements
 6   satisfied, we ordered attachment and garnishment -- see our
 7   Process of Maritime Attachment and Garnishment at ECF
 8   Number 12, directing the clerk of court to issue the summons
 9   and Process of Attachment and Garnishment in the amount of up
10   to $1,844,426.98 against all tangible or intangible property of
11   any kind belonging to, claimed by, being held for, or on behalf
12   of the Defendant Proios by any garnishee within this district,
13   including Interaudi Bank.  Our order is at ECF Number 11 at
14   page 1.
15              Now Axion has filed a Motion to Release Funds from
16   Attachment and Vacate Attachment Order at ECF Number 18, a
17   memorandum of law at ECF Number 18-1.  Axion is "an agent of
18   Proios... confirmed by Axion."  Memo at 4.  Axion "moves this
19   Court to release all funds that have been attached from Axion's
20   bank account bearing Account Number 643973-401-01 at Interaudi
21   Bank, the bank account, and to vacate the attachment order...
22   and the PMAG, the Process of Maritime Attachment and
23   Garnishment."  That's at page 1 of their motion.
24              The parties agree that the only issue here is a
25   factual dispute as to whether the property being restrained is
```

1  Proios's, our defendants.  See, for example, the motion, the
2  memo, and the opposition.  Axion asks us to exercise our
3  "equitable powers to vacate the prior attachment order pursuant
4  to Supplemental Rule E(4)(f), because the attachment is against
5  property which is not the property of the defendant."  That's
6  the memo at 4 (citing *DS Bulk vs. Calder Seacarrier*
7  *Corporation*, 2006 Dist. LEXIS 39242, at page 3, a Southern
8  District of New York case from 2006.
9       But "actual ownership or title" is not required,
10  although the "defendant must possess a clear attachable
11  interest in the property," such as "where assets are being held
12  'for the benefit of the defendant or' in its names."  That's
13  *Alaska Reefer Management vs. Network Shipping Limited*, 68
14  F.Supp. 3d 383, at page 387, a Southern District of New York
15  case, from 2014.
16       Axion says that "there are no funds in the bank
17  account that belong to... Proios, there are no funds in the
18  bank account to which Proios has any interest... and Axion uses
19  the Axion bank account to conduct business entirely unrelated
20  to Proios."  That's the memo at pages 1 and 4.  Axion admits,
21  however, that:  "A, the contract between En May and Proios
22  directed En May to pay funds due to Proios to the Axion bank
23  account and that Axion was identified as an agent of Proios;
24  and, B, that En May made a payment in fact due to Proios to the
25  Axion bank account."  Still, however, it argues that "at the

1  time of the issuance of the PMAG" -- the Process of Maritime
2  Attachment and Garnishment -- "and to this day there are no
3  funds in the bank account which belong to or are being held for
4  or on the benefit of Proios."  That's at page 4 of its motion.
5           The problem is there's "a nearly $800,000 payment
6  directed to Proios from En May in the Axion account, which is
7  presently being restrained pursuant to the attachment."  That
8  is from En May's Opposition, ECF Number 20, at page 5.  The
9  "transaction in Axion's Miami bank account between August 6,
10 2024, and September 20th, 2024" confirm that.  "On August 16th,
11 2024, $798,311.47 came into the account with the description
12 '08160693 of the ORG=FOREMOST MARITIME COMEPA' with the
13 accompanying wire memorandum, '00003-00002688.'"  According to
14 En May, "the wire memorandum reference to that number refers to
15 Axion invoice of the same number, issued to 'En May Maritime
16 LLC C/O Foremost Group,' with the description '35 percent for
17 ninety days payment as per REPAIRCON for repairs afloat on
18 board of En May between Axion Management Ship LLC and En May
19 Maritime LLC C/O Foremost Group.'"  Or, "funds that were paid
20 to En May to Proios under the REPAIRCON contract, which is the
21 subject of the dispute between En May and Proios in
22 arbitration, and therefore are funds belonging to Proios."
23 Because the transaction data I have seen shows, or at least
24 suggests that is more likely than not, that "these funds were
25 never transferred out of the account at any point in time

```
 1   between the date when they came into the account and the date
 2   when the account was frozen pursuant to the attachment" and,
 3   "at the very least, that with respect to those funds that were
 4   paid into the Axion account by En May under the En May-Proios
 5   contract, there is no basis for vacatur or release" in my view.
 6              For the "balance of the funds restrained," we agree
 7   that jurisdictional discovery is warranted to obtain further
 8   information as to the true owner of those funds." to the extent
 9   that this is a jurisdictional question.  If the funds weren't
10   properly attached, then, of course, there is no jurisdiction
11   over Proios, because there's jurisdiction via this quasi in rem
12   action only against Proios's property, or property that is
13   being held for the benefit of Proios.
14              Accordingly, we deny Axion's motion.
15              Talk to me about the jurisdictional discovery that
16   you're looking for.
17              MR. ADLER:  Judge, I can speak to that, unless
18   Mr. Kelley wants to take that one, since he's in the courtroom.
19              MR. KELLEY:  Yeah.
20              Your Honor, we just -- there has been discussion with
21   counsel before this hearing where there are some discussions
22   between the parties on -- agreeing on some security, and so
23   that would be one item to just delay that discovery.
24              THE COURT:  Why don't we just do that then?  Well, why
25   don't we do that?  You guys try to work it out amongst
```

```
 1  yourselves -- I kind of like that -- and if it doesn't work,
 2  you can file a motion with me asking me to give you time for
 3  jurisdictional discovery.  Does that work for you?
 4           MR. KELLEY:  Yes, Your Honor.
 5           THE COURT:  For Proios?
 6           MR. FLORIO:  For Axion, yes.
 7           THE COURT:  Axion, I apologize.
 8           MR. FLORIO:  Yes, Your Honor.
 9           THE COURT:  All right.  Anything else then from you?
10           MR. KELLEY:  Not from the plaintiff, Your Honor.
11           THE COURT:  Anything else from you?
12           MR. FLORIO:   No, Your Honor.
13           THE COURT:  Anything else from the Mr. Adler?
14           MR. ADLER:  No, sir.
15           THE COURT:  Okay, folks.  Thank you all and happy
16  holidays to you and your families.
17           MR. KELLEY:  Thank you.  To you and your family as
18  well.
19  *****
20           (Proceedings concluded at 2:29 p.m.)
                            - - - - -
21                      C E R T I F I C A T E
       I hereby certify that pursuant to Section 753,
22  Title 28, United States Code, the foregoing is a true and
    correct transcript from the record of proceedings in the
23  above-entitled matter.

24     /s/Francine C. Salopek                    2-26-2025
    Francine C. Salopek, RMR-CRR                 Date
25  Official Court Reporter
```

 LAW CLERK: [1] 5/3
 MR. ADLER: [7]
 MR. FLORIO: [4]
 MR. KELLEY: [5]
 THE COURT: [16]

**$**
**$1,844,426.98 [2]**
**$798,311.47 [1]** 7/11
**$800,000 [1]** 7/5

**'**
**'00003 [1]** 7/13
**'00003-00002688.' [1]** 7/13
**'08160693 [1]** 7/12
**'35 [1]** 7/16
**'En [1]** 7/15
**'En May [1]** 7/15
**'for [1]** 6/12

**/**
**/s/Francine [1]** 9/24

**0**
**00002688.' [1]** 7/13
**01 [1]** 5/20

**1**
**10005 [1]** 2/6
**11 [1]** 5/13
**12 [1]** 5/8
**12861 [1]** 2/8
**1395 [1]** 2/3
**16th [1]** 7/10
**18 [1]** 5/16
**1:14 [2]**

**2**
**2-26-2025 [1]** 9/24
**20 [3]**
**2006 [3]**
**2014 [1]** 6/15
**2024 [5]**
**2025 [1]** 9/24
**20th [1]** 7/10
**23417 [1]** 3/5
**24-23417-CIV-RKA [1]** 1/4
**24-CV-23417 [1]** 3/5
**25th [1]** 2/6
**28 [1]** 9/22
**2:29 [1]** 9/20

**3**
**301-3276 [1]** 2/12
**3010 [1]** 2/11
**305 [1]** 2/12
**3276 [1]** 2/12
**33131 [1]** 2/4
**33156 [1]** 2/9
**33308 [1]** 2/11
**383 [1]** 6/14
**387 [1]** 6/14

**39242 [1]** 6/7
**39th [1]** 2/11
**3d [1]** 6/14

**4**
**434 [1]** 5/4
**44 [1]** 4/16
**445 [1]** 5/4
**45 [1]** 4/16
**460 F.3d 434 [1]** 5/4

**6**
**68 [1]** 6/13
**68th [1]** 2/8

**7**
**753 [1]** 9/21

**8**
**80 [1]** 2/6

**A**
**above [1]** 9/23
**above-entitled [1]** 9/23
**accompanying [1]** 7/13
**According [1]** 7/13
**Accordingly [1]** 8/14
**account [16]**
**action [1]** 8/12
**Adler [4]**
**admiralty [2]**
**admits [1]** 6/20
**afloat [1]** 7/17
**afternoon [3]**
**agent [2]**
**agree [2]**
**Alaska [1]** 6/13
**Allan [2]**
**alleges [1]** 4/10
**although [1]** 6/10
**Altman [1]** 1/18
**amongst [1]** 8/25
**amount [1]** 5/9
**apologize [1]** 9/7
**APPEARANCES [1]** 2/1
**Aqua [1]** 5/1
**arbitration [1]** 7/22
**Arch [1]** 2/3
**argues [1]** 6/25
**assets [1]** 6/11
**attach [1]** 4/13
**attachable [1]** 6/10
**attached [2]**
**attachment [15]**
**attend [1]** 3/19
**August [2]**
**Avenue [2]**
**Axion [20]**
**Axion's [3]**

**B**
**balance [1]** 8/6
**bank [13]**

**bar [1]** 5/1
**basis [1]** 8/5
**bearing [1]** 5/20
**belong [2]**
**belonging [2]**
**benefit [4]**
**board [1]** 7/18
**breach [2]**
**Brickell [2]**
**Bulk [1]** 6/6
**Bulk vs. Calder [1]** 6/6
**Burnett [2]**
**business [1]** 6/19

**C**
**C/O [2]**
**Calder [1]** 6/6
**camera [1]** 3/25
**certify [1]** 9/21
**Circuit [1]** 5/5
**citing [1]** 6/6
**CIV [1]** 1/4
**claim [3]**
**claimed [1]** 5/11
**claims [1]** 4/11
**clear [1]** 6/10
**clerk [1]** 5/8
**Code [1]** 9/22
**COMEPA' [1]** 7/12
**Complaint [2]**
**computer [1]** 1/25
**concluded [1]** 9/20
**conduct [1]** 6/19
**Conference [1]** 1/17
**confirm [1]** 7/10
**confirmed [1]** 5/18
**contract [5]**
**Corporation [1]** 6/7
**counsel [1]** 8/21
**court [6]**
**courtroom [2]**
**CRR [2]**
**CV [1]** 3/5

**D**
**data [1]** 7/23
**date [3]**
**December [2]**
**decided [1]** 3/24
**defendant [9]**
**defendant's [1]** 4/24
**defendants [1]** 6/1
**defense [1]** 3/10
**delay [1]** 8/23
**deny [1]** 8/14
**description [2]**
**directed [2]**
**directing [1]** 5/8
**discovery [4]**
**discussion [1]** 8/20
**discussions [1]** 8/21
**dispute [2]**
**Dist [1]** 6/7

**D**
district [8]
DIVISION [1]  1/3
DS [1]  6/6

**E**
ECF [7]
EN [18]
En May [11]
En May's [2]
En May-Proios [1]  8/4
entirely [1]  6/19
entitled [1]  9/23
equitable [1]  6/3
Esq [3]
exercise [1]  6/2
extent [1]  8/8

**F**
F.3d [1]  5/4
F.Supp. [1]  6/14
F.Supp. 3d [1]  6/14
facie [1]  4/22
fact [1]  6/24
factual [1]  5/25
families [1]  9/16
family [1]  9/17
file [1]  9/2
filed [1]  5/15
firm [1]  3/17
Floor [1]  2/6
Flor [1]  2/3
FLORIDA [5]
Florio [3]
folks [1]  9/15
foregoing [1]  9/22
FOREMOST [3]
Fort [1]  2/11
Fourteenth [1]  2/3
Fowler [2]
Francine [3]
Freehill [1]  2/5
Frehill [1]  3/18
FRIDAY [1]  2/14
frozen [1]  8/2
funds [14]

**G**
Gardner [1]  5/2
garnishee [4]
garnishment [5]
Goodkind [1]  2/8
graciously [1]  3/19
Group,' [1]  7/16
Group.' [1]  7/19

**H**
hands [1]  4/18
happy [1]  9/15
hearing [2]
hereby [1]  9/21
Hogan [2]
holidays [1]  9/16

home [1]  3/22
Honor [7]
Honorable [1]  1/18

**I**
I'm [2]
identified [1]  6/23
in rem [1]  8/11
including [1]  5/13
information [1]  8/8
intangible [1]  5/10
INTERAUDI [4]
interest [2]
invoice [1]  7/15
issuance [2]
issue [3]
issued [1]  7/15
item [1]  8/23

**J**
Jersey [1]  3/21
Judge [4]
jump [1]  3/16
jurisdiction [3]
jurisdictional [4]

**K**
Kelley [2]
Kelly [1]  3/7
Kenneth [2]

**L**
Lauderdale [1]  2/11
law [2]
LEXIS [1]  6/7
Limited [3]
Limited vs. Gardner [1]  5/2
LLC [7]
LLP [1]  2/5
love [1]  4/6

**M**
Mahar [2]
Management [4]
Management vs. Network [1]  6/13
maritime [14]
matter [1]  9/23
May's [2]
mechanical [1]  1/24
memo [4]
memorandum [3]
MIAMI [6]
motion [7]
move [2]
moves [1]  5/18
Mr. [3]
Mr. Adler [2]
Mr. Kelley [1]  8/18

**N**
name [1]  4/3
names [1]  6/12
NE [1]  2/11

nearly [1]  7/5
Network [1]  6/13
New York [3]
ninety [1]  7/17
number [9]
Number 1 [1]  4/13
Number 11 [1]  5/13
Number 12 [1]  5/8
Number 18 [1]  5/16
Number 18-1 [1]  5/17
Number 20 [1]  7/8
Number 643973-401-01 [1]  5/20
NY [1]  2/6

**O**
obtain [1]  8/7
Official [2]
opposition [2]
or' [1]  6/12
order [4]
ordered [1]  5/6
ORG [1]  7/12
owner [1]  8/8
ownership [1]  6/9

**P**
P-T-Y [1]  5/2
P.A [2]
p.m [3]
page [6]
pages [1]  6/20
paragraph [2]
paragraph 6 [1]  4/20
paragraphs [1]  4/16
part [1]  4/21
parties [2]
Party [2]
pay [1]  6/22
payment [3]
people [2]
percent [1]  7/16
permitted [1]  3/19
Pine [1]  2/6
Pinecrest [1]  2/9
plaintiff [7]
plaintiffs [1]  3/8
PMAG [2]
point [2]
possess [1]  6/10
pouring [1]  4/2
powers [1]  6/3
presently [1]  7/7
prima [1]  4/22
problem [1]  7/5
proceedings [3]
Process [5]
produced [1]  1/25
PROIOS [22]
Proios's [3]
properly [1]  8/10
property [8]
pursuant [4]

**Q**

**question [1]**  8/9

**R**

**record [1]**  9/22
**recorded [1]**  1/24
**Reefer [1]**  6/13
**reference [1]**  7/14
**refers [1]**  7/14
**release [3]**
**relevant [1]**  4/20
**rem [1]**  8/11
**repair [1]**  4/12
**REPAIRCON [2]**
**repairs [1]**  7/17
**Reporter [3]**
**required [1]**  6/9
**requirements [1]**  5/5
**restrained [3]**
**RKA [1]**  1/4
**RMR [2]**
**RMR-CRR [1]**  9/24
**Roy [1]**  1/18
**Rule [1]**  6/4
**Rule E [1]**  6/4

**S**

**S.A [2]**
**Salopek [3]**
**satisfied [1]**  5/6
**Seacarrier [1]**  6/6
**Second [1]**  5/5
**Section [1]**  9/21
**security [2]**
**seeks [1]**  4/13
**September [1]**  7/10
**September 20th [1]**  7/10
**Seventh [1]**  3/4
**ship [4]**
**Shipping [2]**
**Smith [1]**  5/2
**snow [1]**  4/2
**SOUTHERN [3]**
**STATES [3]**
**Status [1]**  1/17
**statutory [1]**  4/25
**stenography [1]**  1/24
**Stoli [1]**  5/1
**Street [2]**
**subject [1]**  7/21
**suggests [1]**  7/24
**summons [1]**  5/8
**Supplemental [1]**  6/4
**SW [1]**  2/8

**T**

**take [1]**  8/18
**Talk [1]**  8/15
**tangible [1]**  5/10
**Thank [2]**
**time [3]**
**title [2]**
**transaction [2]**

**transcript [3]**
**transferred [2]**
**true [2]**

**U**

**UNITED [3]**
**unless [1]**  8/17
**unrelated [1]**  6/19
**us [2]**

**V**

**vacate [3]**
**vacatur [1]**  8/5
**valid [1]**  4/22
**via [2]**
**view [1]**  8/5
**vs. [3]**

**W**

**warranted [1]**  8/7
**White [2]**
**who's [3]**
**window [1]**  4/1
**wire [2]**
**work [3]**

**Y**

**Yaakov [3]**
**York [5]**

**Z**

**Zoom [1]**  3/19