UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

Miami Division

| | |
|---|---|
| EN MAY MARITIME LLC,<br><br>       Plaintiff,<br><br> - against -<br><br>PROIOS S.A.,<br><br>       Defendant. | Case No. 24-cv-23417-RKA |

**MOTION FOR ORDER DIRECTING CLERK TO ISSUE AMENDED
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

  Plaintiff, En May Maritime LLC ("En May"), by and through undersigned counsel, hereby moves this Honorable Court for an Order directing the Clerk of Court to issue an amended Process of Maritime Attachment and Garnishment, and as grounds therefore would state as follows:

  1. Plaintiff En May initiated this Rule B action seeking security in the form of a Rule B maritime attachment and garnishment arising from a contractual dispute over the repair of a ship. (Dkt. 1). That dispute is currently proceeding in London arbitration.

  2. The Court subsequently directed the Clerk of Court to issue Process of Maritime Attachment and Garnishment ("PMAG"). (Dkt. 11).

  3. The Clerk of Court issued the PMAG directing the garnishee to restrain property belonging to Defendant Proios S.A. ("Proios") up to the amount of $1,844,426.98, "***including but not limited to*** such property situated in the bank account(s) at Interaudi [Bank] bearing account number 643973-401-01 by, on behalf of, or for the benefit of Defendant Proios." (Dkt. 12) (emphasis added).

1

623510.1

4. The PMAG has been served daily on Garnishee, Interaudi Bank ("Interaudi"), since issuance.

5. Interaudi subsequently advised En May that funds subject to the attachment had been identified and were being held in a segregated account at the bank. En May duly notified the Court of the attachment. (Dkt. 16).

6. Thereafter, Axion Management Ship LLC ("Axion") intervened in this matter, claiming it was a party with an interest in the attached funds. Axion sought vacatur of the Court's order authorizing the attachment, stating that no Proios funds were in the Interaudi accounts that had been restrained. (Dkt. 17-18).

7. En May opposed the Motion, arguing that Interaudi's Rule B interrogatory responses demonstrated that approximately $800,000 paid **to Proios by En May** was presently in the account, belying Axion's statements to the contrary (as set forth in a declaration of Axion's principal, Jorge Proios, who also happens to be the principal of Defendant Proios). With respect to the balance of the attached funds, En May said that sufficient facts had been pled showing probable cause that the remaining funds in the account belong to or are being held for the benefit of Proios, and given the false statements contained in Mr. Proios's declaration on behalf of Axion, discovery was needed to ascertain the ownership of those funds. (Dkt. 20).

8. The Court agreed, denying Axion's vacatur application, (Dkt. 27), and stating on the record at the hearing on the vacatur application that "we agree that jurisdictional discovery is warranted to obtain further information as to the true owner" of the balance of the funds in the account. (Transcript of Status Conference Hearing had before the Honorable Roy K. Altman, United States District Judge on December 20, 2024, at p. 8, l. 6-13).

9. The parties attempted to reach agreement on the posting of security by Proios in lieu of continued restraint of the funds, but were unable to do so.

10. En May subsequently served written discovery requests consisting of requests for production of documents, notices to admit, and interrogatories upon Axion. En May also served Interaudi with requests for production of documents.

11. Axion has resisted En May's discovery, improperly filing blanket objections to En May's requests on the docket. En May is in the process of attempting to meet and confer with Axion's counsel concerning those objections.

12. Interaudi, on the other hand, has indicated its intent to comply with the discovery requests, and has made a preliminary production of documents. Indeed, after receiving En May's discovery requests, Interaudi's counsel reached out to advise that he believed that funds subject to the attachment had been released from the bank after Axion opened a new account in the (slightly different) name of a related entity, and then began carrying out transactions, including – what appears to be from the bank's document production – ***a transfer of funds belonging to Proios in violation of this Court's Order and the PMAG***.

13. Specifically, in what looks to be an effort to circumvent this Court's Order and the PMAG, Axion opened a new account at the bank in the name of "Axion Ship Management LLC," which was formed in Belize on or about October 7, 2024 ("Axion Belize").[1] The authorized signatories to the account are Jorge and Eva Proios. The company has a tax address in Belize, but its physical office/operating address is a location on Guillermo Rawson street in Buenos Aires, which appears (based on publicly available information online) to be an address associated with

---

[1] This new entity's name is virtually identical to the name of the intervening party herein, Axion Management Ship LLC, but the words "Management" and "Ship" are reversed.

3

623510.1

both Jorge and Eva Proios. Jorge and Eva Proios signed off on the account creation form on November 6-7, 2024 and utilized their "@proios" email domain names to create the account. (*See* Ex. A hereto, documents produced by Interaudi Bank in response to En May's discovery requests bearing Bates Stamp numbers Interaudi_000001-9).

14. Interaudi also produced documentation regarding the transaction out of the new account that prompted the call from counsel. (*See* Ex. A, at Interaudi_0000010-13). These documents show a transfer of $1,624 from the new account opened by Axion Belize to a beneficiary, "Perenne S.A.," which does business as "Transamerica Ship Builders."[2] An invoice associated with this transaction was produced by Interaudi, which shows that it was billed **to Proios S.A**. In other words, funds appear to have been paid out of the Axion Belize account on behalf of Proios, violating the PMAG and the Court's Order, which restrained **any funds at the bank** being held by, on behalf of, or for the benefit of Defendant Proios.

15. This information appears to clearly support that Axion is utilizing the new account opened in the name of Axion Belize for Proios purposes, as with the Axion account specifically referenced in the PMAG.

16. It is unclear, as yet, from Interaudi's discovery responses whether additional funds were released from the Axion Belize account which should have been restrained pursuant to the attachment, but any such release would be a violation of the Court's Order and the PMAG, and En May specifically reserves its rights to seek appropriate relief from the Court for such breach.

17. While, as noted above, the PMAG currently in place already clearly covers any funds being held at Interaudi Bank by, on behalf of, or for the benefit of Defendant Proios – in whatever account they may be held – and no such funds should be or should have been permitted

---

[2] *See* www.dnb.com/business-directory/company-profiles.perenne_sa.3e81816636d369ca48141ddd997faf57.html.

to be released from the bank (and Interaudi may indeed be liable as a garnishee for breaching the PMAG by releasing funds subject to the attachment, as set forth above), issuance of an Amended PMAG specifically referencing this new account number is being sought in an abundance of caution to ensure that no further improper releases of funds subject to attachment are made.

18. Given the above facts, and considering that full and complete responses to En May's discovery requests have yet to be received, En May respectfully requests that the Court issue an Order directing the Clerk of Court to issue an Amended PMAG which specifically identifies the Axion Belize account as being subject to the attachment. Redlined and clean versions of the proposed Amended PMAG are attached hereto as Exhibits B and C, respectively.

## CONCLUSION

For the reasons outlined herein, En May respectfully requests that the within Motion be granted, together with such other and further relief that the Court deems just and proper in the premises.

Dated: New York, New York
      February 28, 2025

/s Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

5

623510.1

-and-

Yaakov U. Adler
NY Bar No. 5297668
Email: adler@freehill.com


FREEHILL HOGAN & MAHAR LLP
80 Pine Street, 25th Floor
New York, NY 10005-1759
Telephone:    (212) 425-1900
Facsimile:    (212) 425-1901

*Counsel for En May*
*Admitted Pro Hac Vice*

6

623510.1