UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"
Miami Division

| | |
|---|---|
| EN MAY MARITIME LLC,<br><br>　　　　　　　Plaintiff,<br><br>　- against -<br><br>PROIOS S.A.,<br><br>　　　　　　　Defendant. | Case No. 24-cv-23417-RKA |

**MOTION FOR RECONSIDERATION OF ORDER GRANTING
EXTENSION OF TIME TO DEPOSIT FUNDS IN COURT REGISTRY**

　　　　Plaintiff, En May Maritime LLC ("En May"), by and through undersigned counsel, hereby moves this Honorable Court for reconsideration of its Order (Dkt. 49) granting a third extension of time for Proios to comply with the parties' stipulation (Dkt. 11) and the Court's Order directing the deposit of funds into the Court's registry (Dkt. 39) in exchange for En May's agreement to lift the Rule B attachment, and as grounds therefore would state as follows:

　　　　1.　　As the Court is aware, Plaintiff En May initiated this Rule B action seeking security in the form of a Rule B maritime attachment and garnishment arising from a contractual dispute over the repair of a ship. (Dkt. 1). That dispute is currently proceeding in London arbitration.

　　　　2.　　 The Court subsequently directed the Clerk of Court to issue Process of Maritime Attachment and Garnishment ("PMAG"). (Dkt. 11).

　　　　3.　　The Clerk of Court issued the PMAG directing the garnishee to restrain property belonging to Defendant Proios S.A. ("Proios") up to the amount of $1,844,426.98, "including but

not limited to such property situated in the bank account(s) at Interaudi [Bank] bearing account number 643973-401-01 by, on behalf of, or for the benefit of Defendant Proios." (Dkt. 12).

4. The PMAG was served on Garnishee, Interaudi Bank ("Interaudi"), on a daily basis between issuance by the Clerk of Court and entry by the parties into the stipulation, under which Proios agreed that the funds being held by Interaudi were property of Proios, and not of intervenor, Axion Management Ship LLC ("Axion"), as Proios/Axion had previously told the Court in their submissions.

5. During that time, $1,644,403.01 was already deposited or flowed into the Interaudi Account(s) and those funds were restrained pursuant to the attachment. (*See* Dkt. 20-1, at Appendix A). At the time the parties entered into the stipulation, therefore, a balance of $200,023.97 that Plaintiff En May sought to attach had yet to be restrained. In exchange for En May's agreement to lift the attachment (in effect, "unfreezing" Proios's accounts at Interaudi), Proios agreed to promptly deposit $200,023.97 in the Court's registry (with the $1,644,403.01 being held by Interaudi to be deposited into the Court's registry by Interaudi). (Dkt. 34 ¶¶ 3-4).

6. In the stipulation, Proios and Interaudi agreed to deposit the funds as specified in the Paragraph above "on or before the first banking day on or before five (5) days after the Court orders that Interaudi and Proios may so deposit those amounts." (*Id*.)

7. In its Order, the Court directed the parties to comply with the terms agreed to in the stipulation. (Dkt. 39 ¶ 2).

8. To be clear, at ***no point*** before entry by the parties into the stipulation on March 19, 2025 did Proios ever advise that it believed that it would be unable to comply with its agreement and the Court's Order due to "export controls" or difficulty in moving funds outside of Argentina. Indeed, had Proios advised En May that it would indefinitely be unable to fulfill its obligations

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

under the stipulation and Order, En May would not have agreed to lift the Rule B attachment – as funds were continuing to flow into the accounts at Interaudi and those funds were being restrained by the bank, as required. Indeed, by this point (114 days after entry into the stipulation), funds sufficient to fully secure En May's claim pursuant to the Rule B attachment very well may have flown into the Interaudi accounts and been restrained, fully securing En May's claim.

9. Proios might claim that it was unaware of any such difficulties in moving funds outside of Argentina when it entered into the stipulation, but such a claim would be inconceivable. Proios and Axion were conducting business on a purportedly global basis[1] from offices in Argentina and Belize. There were hundreds of thousands, if not millions, of dollars moving through the Interaudi accounts based on information provided by the bank. That a business as sophisticated as this would be unaware that they supposedly would be unable to move funds outside of Argentina simply strains credulity.

10. En May's skepticism of Proios's statements – even those made to this Court – is far from unfounded. Throughout these proceedings, multiple statements were made to the Court that were later revealed to be untrue. For example, and most fundamentally, Axion initially claimed (falsely), in a sworn declaration provided by Jorge Proios no less, that ***none*** of the funds in the Interaudi account were property of Proios when they sought vacatur of the Rule B attachment and they swore under oath that funds paid into the Interaudi account ***by En May*** (thus obviously belonging to Proios) were no longer in the account. (Dkt. 18-1, at pp. 2-3 ("Although funds relating to the contract for repairs to the vessel En May were sent to the Axion Bank Account in March 2024, those funds are no longer in the Axion Bank Account. Additionally: (i) there are no funds in

---

[1] *See* https://axionmanagement.us/acerca.php (last visited July 11, 2025) ("We provide global marine services to ship owners and managers, including ship repairs, conversion and new building. We also supply marine general stores and spare parts.").

3

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

the Axion Bank Account that belong to Proios or in which Proios has any interest or right….") (citing sworn Declaration of Jorge Proios, Dkt. 18-2). Those statements were untrue, as the Court recognized in its Order denying the vacatur application. (Dkt. 31, at pp. 6-8).  They are also categorically contrary to what the parties later agreed in their stipulation. (Dkt. 34 ¶ 2 ("En May, Proios and Axion agree that the Interaudi Amount is the property of Proios and is subject to the PMAG that the Clerk of this Court has issued and that En May served on Interaudi Bank. Axion withdraws its claim to the Interaudi Amount."). It is therefore not possible to simply accept at face value what Proios says, even in a sworn declaration submitted to this Court.

11. Subsequently, we learned that Axion had opened a new bank account at Interaudi in what appeared to be a transparent effort to skirt the Rule B attachment, and that funds subject to the attachment had indeed been released by the bank at Axion's direction in violation of this Court's Order and the PMAG. (Dkt. 32 ¶¶ 12-15). Axion also resisted responding to any of En May's discovery requests, including requests that would have shed light on Axion's movement of funds from the Interaudi accounts in violation of the Court's Order. These disputes were supposed to be obviated by the parties' stipulation to promptly place the funds in the Court's registry.

12. When Proios first requested an extension of time to deposit the funds in an eleventh-hour email on Saturday, March 29 (when the deadline to deposit the funds was Monday, March 31), En May did not object (nor could counsel reasonably take instructions on whether to object within the time frame created by Proios before the Motion was filed and ruled upon). (Ex. A to the Declaration of Yaakov U. Adler in Support of Motion for Reconsideration ("Adler Decl.")).  The extension was granted to Friday, May 2. (Dkt. 44).

13. Proios next requested a further extension via counsel, on Friday, May 2 – the as-extended deadline for depositing the funds.  Again, counsel could not reasonably take instructions

4

within the day on whether to object. But in light of the repeated requests for extensions, we inquired, "You are correct that we will have to take instructions on this. To assist with that, please advise whether any funds subject to the writ of attachment have moved through the Interaudi accounts and whether any money payable or belonging to Proios has moved through any U.S. financial institution between 3/1/25 and today." Proios refused to respond to that request, and simply filed their motion before counsel could reasonably take instructions and respond to the request. (Adler Decl. Ex. B). The Motion was then granted. (Dkt. 47).

14. Recognizing the pattern here and in anticipation of yet a further attempt to delay, counsel wrote to Proios's counsel on July 7, well ahead of the as-extended deadline to deposit the funds, asking for an update and requesting a response to the inquiry posed in the Paragraph above, which had gone unanswered. (Adler Decl. Ex. C). Proios's counsel refused to answer, deflecting the request with a somewhat backhanded comment: "As far as money moving through U.S. accounts, please let us know where the Court has ordered that Proios respond to En May about that." Despite explaining the basis for the request, which is outlined herein, Proios's counsel ignored the request and simply proceeded to file the motion. (Adler Decl. Ex. D).

15. It is disheartening, but frankly unsurprising that Proios has been unwilling to respond to this straightforward inquiry. Clearly, Proios and Axion are well familiar with opening bank accounts in various jurisdictions which they use to hold, pay, and receive substantial funds belonging to Proios. The basis of Proios's repeated extension requests is that they cannot move funds outside of Argentina. But they have refused to state whether they have funds outside of Argentina *already* (they clearly did in the Interaudi accounts that were restrained pursuant to the Rule B attachment), which could be used to satisfy their obligation to deposit the remaining funds into the Court's registry.

5

Fowler White Burnett P.A. • Citigroup Center, 201 South Biscayne Boulevard, 20th Floor, Miami, FL 33131 • (305) 789-9200

16. Accordingly, En May respectfully requests that the Court reconsider its Order granting the third requested extension of time to deposit the remaining funds into the Court's registry and direct Proios to forthwith advise:

   a. What specific steps have been taken to comply with the Court's Order and deposit the remaining funds into the Court's registry;

   b. What specific steps have been taken to move the sums required to be deposited out of Argentina and into the U.S. for deposit into the Court's registry; and

   c. Whether Proios or Axion or any other entity controlled by Proios or Axion or by Jorge or Eva Proios presently have assets, accounts receivable, or bank accounts in the United States or any other jurisdiction in which funds being held by, for the benefit of, or belonging to Proios which could be used to satisfy Proios's obligation to promptly comply with the parties' stipulation and the Court's Order.

17. Pursuant to Local Rule 7.1, counsel certifies that it conferred in good faith via telephone with opposing counsel and was unable to reach an agreement on the relief requested.

## CONCLUSION

For the reasons outlined herein, En May respectfully requests that the within Motion be granted, together with such other and further relief that the Court deems just and proper in the premises.

Dated: July 11, 2025

Respectfully submitted,

/s Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Email: acooke@fowler-white.com

6

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Citigroup Center
201 South Biscayne Boulevard, 20th Floor
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

-and –

Yaakov U. Adler
NY Bar No. 5297668
Email: adler@freehill.com

FREEHILL HOGAN & MAHAR LLP
80 Pine Street, 25th Floor
New York, NY 10005-1759
Telephone:    (212) 425-1900
Facsimile:    (212) 425-1901

*Counsel for En May*
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Adam B. Cooke
Adam B. Cooke

7

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200